# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **MARYAM BASEERY,**<br><br>    **Plaintiff,**<br><br>vs.<br><br>**ALEXANDER MARTINEZ PEREZ,**<br>**AMP HAULING, INC.,**<br>**ACE AMERICAN INSURANCE,**<br><br>    **Defendants.** | **Civil Action File No.:**<br>**1-24-CV-02661-SCJ**<br><br>**JURY TRIAL DEMANDED** |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

**COMES NOW,** Plaintiff Maryam Baseery, by and through the undersigned counsel, complains of the acts and omissions of Alexander Martinez Perez and AMP Hauling, Inc. (hereinafter collectively referred to as, "Defendants") and files this Amended Complaint for Damages & Jury Demand, as follows:

## JURISDICTION AND VENUE

1. Plaintiff is an adult Georgia resident and voluntarily subjects themselves to the Jurisdiction and Venue of this Honorable Court by filing this action.

2. Alexander Martinez Perez (hereinafter "Defendant Perez") is, upon information and belief, subject to the Jurisdiction and Venue of this

Honorable Court and may be served with a copy of the Summons and Complaint at their last known place of residence to wit 920 South Valrico Road, Valrico, FL 33594-4008.

3. AMP Hauling, Inc. (hereinafter "Defendant AMP"), a foreign profit corporation, has a principal office located at 731 Pearl Circle Brandon, FL 33510, is subject to the jurisdiction of this Court, and may be served through its registered agent, Osniel Hernandez Diaz, at 731 Pearl Circle Brandon, FL 33510.

4. Ace American Insurance (hereinafter "Ace American"), a foreign profit corporation, has a principal office located at 436 Walnut Street, Philadelphia, PA, 19106, is subject to the jurisdiction of this Court, and may be served through its registered agent, CT Corporation System, at 289 S Culver St, Lawrenceville, GA, 30046-4805

5. Jurisdiction and Venue is proper in this District for the above and following reasons pursuant to 28 U.S.C.A. section 1391(b)(1).

## FACTS

6. On May 09, 2023, Defendant Martinez Perez drove a 2013 Freightliner TR [VIN: 3AKJGLBG1DSFF3008] [Tag # JD26DB] eastbound in the left lane of Shawnee Industrial Boulevard.

7. At all times relevant hereto, Defendant Martinez Perez drove within the course and scope of his employment with Defendant AMP.

8. At the same time and place, Plaintiff was traveling eastbound in the right lane of Shawnee Industrial Boulevard.

9. Both vehicles came to a stop at the intersection of Shawnee Industrial Boulevard and Satellite Boulevard.

10. Suddenly and without warning, Defendant Perez proceeded to make a right turn from the left-hand lane of Shawnee Industrial Boulevard onto Satellite Boulevard.

11. Defendant Perez failed to make a right turn from the right-hand lane of Shawnee Industrial Boulevard onto Satellite Boulevard.

12. Defendants' tractor-trailer, while making a wide right-hand turn from the left-hand lane, subsequently collided into the driver's side front quarter panel, driver's side door, driver's side rear door, and driver's side rear quarter panel of Plaintiff's vehicle.

13. A Gwinnett County Police Department officer responded to the scene.

14. As a result of this wreck, Plaintiff suffered painful physical injuries and required subsequent medical treatment thereafter.

# FIRST CAUSE OF ACTION

## *[Negligence & Negligence Per Se Against Defendants]*

15. Plaintiff incorporates all previous allegations contained in this Complaint as if set forth verbatim herein.

16. At all times relevant to this incident, Defendant Martinez Perez owed a duty to Plaintiff to operate Defendant AMP's vehicle in a lawful, careful, and prudent manner, in accordance with the Georgia Uniform Rules of the Road and common laws of this State, pertaining to the operation of a motor vehicle upon the public street.

17. However, Defendant Martinez Perez breached those aforesaid duties owed to Plaintiff, negligently violated Georgia law and negligently:

    a) Failed to operate a motor vehicle with ordinary diligence which is exercised by ordinarily prudent persons under the same or similar circumstances, in violation of O.C.G.A. § 51–1–2, which constitutes *negligence per se*;

    b) Recklessly drove their vehicle, in violation of O.C.G.A. § 40-6-123(a), which constitutes *negligence per se*;

    c) Drove a motor vehicle at a greater speed than reasonable and prudent under the conditions and disregarding the actual and potential hazards

then existing, in violation of O.C.G.A. § 40–6–180, which constitutes *negligence per se*;

    d)    Failed to avoid distractions and maintain a proper lookout while driving a motor vehicle, in violation of O.C.G.A. § 40–6–241, which constitutes *negligence per se*;

    e)    Failed to use the motor vehicle's horn to warn of the perilous situation when it was reasonably necessary to do so, in violation of O.C.G.A. § 40–8–70, which constitutes *negligence per se*;

    f)    Failed to avoid or mitigate this collision;

    g)    Failed to drive a motor vehicle in a safe and prudent manner.

18. Defendant Martinez Perez further committed additional negligent acts and omissions to be proven by the facts and evidence at trial.

19. At all times relevant hereto, Defendant Martinez Perez was acting within the scope of employment for Defendant AMP.

20. Under respondeat superior, Defendant AMP is responsible for the negligent acts and/or omissions of Defendant Martinez Perez.

21. Before this collision, Defendant AMP knew or should have known that Defendant Martinez Perez was not fit to drive Defendant 's vehicle such that Defendant AMP negligently retained Defendant Martinez Perez.

22. Defendant AMP negligently hired Defendant Martinez Perez after it had actual knowledge that Defendant Martinez Perez was not fit to drive 's vehicle.

23. Defendant AMP failed to appropriately train Defendant Martinez Perez to drive Defendant AMP's vehicle such that Defendant AMP negligently trained Defendant Martinez Perez.

24. Defendant AMP failed to appropriately supervise Defendant Martinez Perez while he drove Defendant AMP's vehicle such that Defendant AMP negligently supervised Defendant Martinez Perez.

25. Plaintiff sustained painful physical injuries and damages as a direct and proximate result of the Defendants' breach of aforementioned legal duties owed to the Plaintiff.

## SECOND CAUSE OF ACTION

*[Direct Action Against Defendant Ace American Insurance Under O.C.G.A. § 40-2-140]*

26. Plaintiff incorporates all previous allegations contained in this Complaint as if set forth verbatim herein.

27. Defendant Ace American is subject to a direct action as the insurer for Defendant AMP Hauling, Inc. pursuant to O.C.G.A. § 40-2-140.

28. Defendant Ace American was the insurer of Defendant AMP at the time of the subject incident and issued a liability policy to Defendant AMP.

29. Defendant Ace American and Defendant AMP are subject to the filing requirements outlined in O.C.G.A. § 40-2-140.

30. Defendant Ace American is responsible for any judgment rendered against Defendant AMP and Defendant Martinez Perez up to its policy limits of coverage.

31. As a direct and proximate result of Defendants' negligence, Plaintiff suffered injuries and damages. Plaintiff is entitled to monetary damages from Defendants to compensate them for the following elements of damage:

    a.  Medical expenses;

    b.  Pain and suffering;

    c.  Mental anguish; and

    e.  Diminished quality of life.

32. Defendants' negligence is the sole and proximate cause of Plaintiff's injuries.

## SECOND CAUSE OF ACTION

*[General & Special Damages Under O.C.G.A. § 51–12–2]*

33. Plaintiff incorporates all previous allegations contained in this Complaint as if set forth verbatim herein.

34. As a direct and proximate result of Defendants' negligence, as stated hereinabove, Plaintiff suffered painful injuries.

35. As a direct and proximate result of Defendants' negligence, as stated hereinabove, Plaintiff suffered conscious physical pain and suffering.

36. As a direct and proximate result of Defendants' negligence, as stated hereinabove, Plaintiff suffered conscious mental pain and suffering.

37. As a direct and proximate result of Defendants' negligence, as stated hereinabove, Plaintiff incurred reasonable and necessary medical expenses of no–less–than $51,544.50 due to the nature and extent of Plaintiff's injuries.

38. By reason of the foregoing, Plaintiff is entitled to recover compensatory damages from Defendants for past, present, and future emotional and physical pain and suffering, disability, and loss of quality of life in such an amount as shall be shown by the evidence and determined by the enlightened conscience of the jury.

39. By reason of the foregoing, Plaintiff is entitled to recover special damages from Defendants for past and future medical expenses, in such an amount as shall be shown by the evidence and proven at trial.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests this Honorable Court for the following:

[a] That Summons issue and service be perfected upon Defendants requiring them to appear in this Honorable Court within the time prescribed by Georgia law and answer this Complaint;

[b] Judgment for Plaintiff against Defendants for past, present and future pain and suffering;

[c] Judgment for Plaintiff against Defendants for past, present and future treatment expenses;

[d] Trial by jury of twelve (12) jurors under O.C.G.A. § 15–12–122(a)(2); and

[e] Any other relief this Court deems fair and just.

**[SIGNATURE PAGE FOLLOWS]**

| | |
|---|---|
| **THIS 11TH DAY OF JULY, 2024.** | *RESPECTFULLY SUBMITTED,* |
| | [signature] |
| | _____ |
| | **PETER JARAYSI, ESQ.** |
| | Georgia Bar # 297725 |
| | Direct Dial: 470-232-1393 |
| | E-Mail: peter@jaraysilawfirm.com |
| | **ANDREW COBB, ESQ.** |
| | Georgia Bar # 453488 |
| **JARAYSI LAW, LLC** | Direct Dial: 470-226-1774 |
| 2250 Satellite Blvd., Ste. 120 | E-Mail: andrew@jaraysilawfirm.com |
| Duluth, GA 30097 | |
| Fax: 888-576-7869 | *Attorneys for the Plaintiff* |